**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JINAN CHEHADE, <br><br> Plaintiff, <br><br> v. <br><br> FOLEY & LARDNER, LLP, <br><br> Defendant. | Case No: 1:24-cv-04414 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Holleb Hotaling |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS**

Gerald L. Pauling (gpauling@seyfarth.com)
Tracy M. Billows (tbillows@seyfarth.com)
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Foley & Lardner LLP*

**INTRODUCTION**

Defendant Foley & Lardner LLP ("Foley") submits the following Memorandum of Law in Support of Its Motion to Dismiss Count II of Plaintiff's Amended Complaint (Dkt. 11). Plaintiff's promissory estoppel claim (Count II) must be dismissed, with prejudice, (i) because she pled no facts establishing that Foley made an unambiguous promise to her upon which she relied, and (ii) because Plaintiff's purported reliance, if any, was unreasonable and unforeseeable in light of her repeated, explicit acknowledgments that her employment with Foley was and would be at-will.

**FACTUAL BACKGROUND**[1]

Foley is a law firm comprised of more than 1,100 lawyers across 25 offices around the world. Dkt. 11, ¶ 2. Foley employed Plaintiff Jinan Chehade ("Plaintiff") as a summer associate in its Chicago office during the summer of 2022. *Id.*, ¶ 12. At the outset of her summer associate placement, Plaintiff explicitly acknowledged her receipt and understanding of Foley's at-will employment policy, which states in relevant part:

1. My employment with Foley is at-will, meaning it can be terminated either by me or by Foley at any time for any reason, with or without cause and with or without notice. The at-will nature of my employment with Foley may not be modified by oral or written statements from supervisors, managers or others within the Firm except the Chairman & CEO, COO and/or Managing Partner. The Foley Policy Center and any provisions contained in it do not constitute a guarantee of employment for any specific duration, a guarantee of any other rights or benefits, or a contract of employment, express or implied.

*See* Exhibit A (Policy & Procedure Acknowledgment, Executed May 13, 2022).

Plaintiff contends that in July 2022, during her summer associateship, she went to lunch with Foley's Director of Diversity & Inclusion ("D&I Director") "to discuss her experience as a first-generation Muslim Arab woman and her concerns as to whether Foley would support her

---

[1] Foley accepts Plaintiff's allegations for purposes of this Motion only.

2

'authentic self'." Dkt. 11, ¶ 26. According to Plaintiff, the D&I Director "promised [Plaintiff] that Foley indeed valued and supported [her] Arab Muslim heritage and perspective and embraced her history and values." *Id.*

At the end of the summer program, Foley extended an offer to Plaintiff to join the firm as an associate beginning in the fall of 2023. Dkt. 11, ¶ 12. Foley set Plaintiff's associate start date at October 23, 2023. *Id.*, ¶ 12. Several weeks before she was slated to start working for Foley as an associate, on October 6, 2023, Plaintiff again explicitly acknowledged her receipt and understanding of Foley's at-will employment policy. *See* Exhibit B (Policy & Procedure Acknowledgment, Executed October 6, 2023).

On October 21, 2023, Foley's Chair of Litigation ("Litigation Chair") emailed Plaintiff to ask her to attend a meeting the following day to discuss her recent activity on social media. Dkt. 11, ¶ 37. The Litigation Chair and the Managing Partner of the Chicago office ("Managing Partner") met with Plaintiff at Foley's Chicago office the next day. *Id.*, ¶ 38. According to Plaintiff, during that meeting, the Litigation Chair and the Managing Partner asked Plaintiff questions about her recent activity on social media and her remarks at an October 11, 2023, Chicago City Hall meeting related to Hamas's October 7, 2023, attack on Israel. *Id.*, ¶¶ 39, 44-48.

Later that evening, the Managing Partner notified Plaintiff that Foley was rescinding her offer of employment as an associate. Dkt. 11, ¶ 51.

On or about November 13, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation, which she cross-filed with the Illinois Department of Human Rights. Dkt. 11, ¶¶ 5, 7. On April 8, 2024, the EEOC issued a Notice of Right to Sue. *Id.*, ¶ 6. On May 29, 2024, Plaintiff filed a

3

two-count Complaint against Foley in the United States District Court for the Northern District of Illinois, Eastern Division. *See* Dkt. 1. On June 19, 2024, Plaintiff filed an Amended Complaint containing the same two counts. *See* Dkt. 11. In Count I, she alleges discrimination on the basis of ethnicity, religion, and association pursuant to Title VII and the Illinois Human Rights Act. In Count II, she asserts a claim for promissory estoppel on the basis that "Foley's personal assurances to [Plaintiff] in July 2022 constituted an unambiguous promise that, at a minimum, her heritage, beliefs and associations as an Arab Muslim known to be active in her community would not be held against her ('We embrace your heritage, history and values,' etc.)." Dkt. 11, ¶ 67.

## ARGUMENT

### I. LEGAL STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face and raises the right to relief beyond speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires Plaintiff to allege more than mere "labels and conclusions" or "formulaic recitations of the cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "plaintiffs who merely set forth the statutory language of the claims that they are pleading . . . must do more." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rather than "parroting the statutory language of the[ir] claims . . . they must provide some specific facts to ground those legal claims." *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 964 (N.D. Ill. 2020).

In considering a motion to dismiss, the Court may also consider documents that are central to Plaintiff's claims. *See Advanced Physical Med. of Yorkville, Ltd.*, No. 22-CV-02972, 2023 WL 2631723, at *4 n.2 (citation omitted) ("District courts, however, have discretion to

4

consider certain documents that are referred to in the complaint, authentic, and central to plaintiff's claims without converting the motion to dismiss to a motion for summary judgment."). Consequently, the Court also may "consider documents attached to a defendant's motion to dismiss, if those documents 'are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Trochuk v. Patterson Co., Inc.*, 851 F. Supp. 2d 1147, 1153 (S.D. Ill. 2012) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 n.4 (7th Cir. 2003). Here, Foley attaches for the Court's reference Plaintiff's May 13, 2022 (Exhibit A) and October 6, 2023 (Exhibit B) acknowledgments of Foley's at-will employment policy. The documents are central to Plaintiff's promissory estoppel claim.

Critically, where the complaint and documents incorporated therein establish that Plaintiff cannot state a cause of action, the complaint should be dismissed *with prejudice*. *See Akinlemibola v. Penn. Higher Educ. Assistance,* No. 16-cv-5291, 2016 WL 4191755, at *3 (N.D. Ill. Aug. 9, 2016) (emphasis added) (dismissing lawsuit with prejudice where the face of the complaint, when analyzed with the documents attached thereto, result in any amendment being futile); *Rose v. Vanity Fair Brands, LP*, No. 13-cv-167, 2013 WL 1752705, at *4 (N.D. Ill. Apr. 23, 2013) (citing *Sound of Music Co. v. Minn. Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007)) (dismissing lawsuit with prejudice where plaintiff fails to establish nexus between claim and injury, such that amendment would be futile).

## II. PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS

"To state a claim for promissory estoppel, Illinois law requires that the plaintiff allege (1) an unambiguous promise, (2) reliance on this promise, (3) that the reliance was expected and foreseeable, and (4) some injury resulting from this reliance." *Talanda v. KFC Nat. Mgmt. Co.*, 863 F. Supp. 664, 670 (N.D. Ill. 1994) (dismissing promissory estoppel claim stemming from

5

company's alleged failure to adhere to antidiscrimination policy, noting that "given the language of the Fair & Equal Treatment section and the at-will and disclaimer provisions, Plaintiff cannot establish that the employee handbook contained a promise clear enough that an employee would reasonably believe that an offer had been made"). Here, Plaintiff's conclusory claim that Foley's D&I Director made "an unambiguous promise" to Plaintiff over lunch that she "reasonably relied on [] to her detriment" is subject to dismissal because she alleges no facts establishing that Foley made any unambiguous promise to her and because her reliance, if any, was unreasonable and unforeseeable in light of the fact that she twice acknowledged that the D&I Director could not modify the terms of her at-will employment.

> **A. The Court should dismiss Plaintiff's promissory estoppel claim because Plaintiff pled no facts establishing that Foley made an unambiguous promise to her.**

Foley recites the entirety of Plaintiff's factual contentions about that alleged July 2022 promise here:

> 26. [] In July 2022, while a Foley summer associate, Chehade met with Robertson over lunch to discuss her experience as a first-generation Muslim Arab woman and her concerns as to whether Foley would support her "authentic self." Robertson promised Chehade that Foley indeed valued and supported Chehade's Arab Muslim heritage and perspective and embraced her history and values.

Dkt. 11, ¶ 26. Even taking Plaintiff's account as true for the purposes of this Motion, Plaintiff says nothing about what the D&I Director actually said to her during the lunch – she only paraphrases her interpretation of the D&I Director's assurances. *Id.* "If an alleged promise is 'so indefinite as to be unenforceable, [then] the doctrine of promissory estoppel ... is inapplicable as a matter of law'." *Irish v. Cont'l Cas. Co.*, No. 20 CV 904, 2021 WL 4962665, at *1 (N.D. Ill. Apr. 8, 2021) (quoting *Demos v. National Bank of Greece*, 209 Ill. App. 3d 655, 661–62 (1st Dist. 1991)) (dismissing promissory estoppel claim with prejudice for failure to identify an

6

unambiguous promise, holding that the employer's "vague representations of autonomy, professional support, and mentorship cannot sustain a promissory estoppel claim. The statements amount to little more than indefinite assurances, each open to several interpretations.").

The statements that Plaintiff attributes to the D&I Director are akin to those "indefinite assurances" that the Court dismissed as unenforceable in *Irish*. Here, Plaintiff claims that the D&I Director "promised" that Foley "valued and supported" her "heritage and perspective" and "embraced" her "history and values." Dkt. 11, ¶ 26. That language is ambiguous on its face. Importantly, Plaintiff does not allege that the D&I Director told her that she was protected from consequences if she made statements that Foley interpreted to be inconsistent with and violative of its values, and to the extent that Plaintiff interpreted the D&I Director's statements to mean that she was so protected, that only further supports Foley's argument that the D&I Director's statements were ambiguous because Plaintiff's interpretation is squarely at odds with Foley's.

To the extent that Plaintiff contends that the D&I Director's alleged statements were on par with company policy, courts routinely dispense with claims that language in employer handbooks and policies constitutes enforceable promises for purposes of breach of contract and promissory estoppel claims unless such statements are unambiguous. For instance, in *Belline v. K–Mart Corp.*, the Seventh Circuit affirmed the disposal of the plaintiff's breach of contract claim on the basis that the company's employee handbook did not contain any unambiguous promise about the terms of the plaintiff's employment. 940 F.2d 184, 189 (7th Cir. 1991). In that case, the plaintiff argued that K-Mart made an implied promise to him through its Policy on Integrity and Conflict of Interest that he would not be terminated for complying with that policy, but the Court rejected his claim, holding that the plaintiff could "point to no clear promise [in the policy] modifying his at-will employment status." *Belline*, 940 F.2d at 190. Likewise, Plaintiff

7

here cannot point to any unambiguous promise by Foley – let alone one that overcomes the plain language of the at-will employment policy that Plaintiff acknowledged with her signature on two separate occasions.

> **B.      The Court should dismiss Plaintiff's promissory estoppel claim because Plaintiff's purported reliance, if any, was unreasonable and unforeseeable in light of her repeated, explicit acknowledgments that any employment with Foley was at will.**

In addition to failing to identify any unambiguous promise by Foley, Plaintiff does nothing to contend with the fact that she twice acknowledged that the D&I Director could not change the nature of her at-will employment relationship with Foley. Specifically, on May 13, 2022 and again on October 6, 2023, Plaintiff acknowledged Foley's at-will employment policy with her signature. *See* Exhibits A and B. Each time, in relevant part, that policy contained the following language: "The at-will nature of my employment with Foley may not be modified by oral or written statements from supervisors, managers or others within the Firm except the Chairman & CEO, COO and/or Managing Partner." *Id.* That policy identifies three specific individuals at Foley who have authority to modify an employee's at-will employment status – and the D&I Director is not one of them. In light of that, Plaintiff's apparent purported reliance on the D&I Director's statements as somehow insulating her from consequences for actions that Foley interprets to violate its policies or business standards is unreasonable.

In disposing of the plaintiff's breach of contract claim in *Belline*, the Seventh Circuit acknowledged a similar challenge for the plaintiff, noting that in addition failing to identify any unambiguous promise by his employer that served to modify his at-will employment status, the plaintiff in that case, as here, "read and signed several acknowledgments clearly warning him that his employment could be terminated at any time with or without cause." *Belline*, 940 F.2d at

8

190. The same result should enter here, and the Court should dismiss Plaintiff's promissory estoppel claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Foley respectfully requests that this Court dismiss Count II of Plaintiff's Amended Complaint, with prejudice, for failure to state a claim upon which relief can be granted and grant such other and further relief as the Court deems just and proper.

**DATED: June 28, 2024**  Respectfully submitted,

Foley & Lardner LLP

By: */s/ Tracy M. Billows*
      One of Its Attorneys

Gerald L. Pauling (gpauling@seyfarth.com)
Tracy M. Billows (tbillows@seyfarth.com)
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Foley & Lardner LLP*

9

## **CERTIFICATE OF SERVICE**

I do hereby certify that on June 28, 2024, the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

*/s/ Tracy M. Billows*
Tracy M. Billows