IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINAN CHEHADE, | Case No. 1:24-cv-04414 |
| Plaintiff, | |
| v. | Judge Sharon Coleman |
| FOLEY & LARDNER, LLP, | Magistrate Judge Holleb Hotaling |
| Defendant. | |

## JOINT INITIAL STATUS REPORT

Plaintiff Jinan Chehade ("Plaintiff") and Defendant Foley & Lardner LLP ("Defendant" or "Foley"), by and through their respective attorneys and pursuant to Rule 26(f) and this Court's minute order dated July 2, 2024, following a planning discussion among counsel, submit the following Joint Initial Status Report.

**I.    The Nature of the Case**

   A.    *Counsel for Plaintiff:*  Paul K. Vickrey (lead trial attorney), Patrick F. Solon and Dylan M. Brown of Vitale, Vickrey, Niro, Solon & Gasey LLP, Rima Kapitan of Kapitan Gomaa Law, P.C. and Joseph Milburn of Cair Chicago.

   B.    *Counsel for Defendant:*  Tracy M. Billows (lead trial attorney) and Gerald L. Pauling of Seyfarth Shaw LLP.

   C.    *Description of Claims:*  Plaintiff alleges that Foley unlawfully discriminated against her on the basis of ethnicity, religion, and association when it revoked its offer of employment to her on October 22, 2023.  Plaintiff asserts claims under Title VII and under the Illinois Human Rights Act.  Plaintiff also alleges promissory estoppel on the basis of (1) alleged assurances made to her by Foley's Director of Diversity & Inclusion during a meeting in July 2022 during Plaintiff's summer associateship at Foley, and (2) her reliance on those assurances by, among other things, her September 7, 2022 acceptance of Foley's offer of an associate position to start in the fall of 2023.  Foley denies any and all allegations and claims of wrongdoing, including any claim that it discriminated against Plaintiff on any basis, and it has moved to dismiss Plaintiff's promissory estoppel claim for failure to state a claim.

- D. *Major legal / factual issues:*

    1. Whether Foley discriminated against Plaintiff on the basis of her ethnicity, religion, or association when it rescinded its offer of employment to her in October 2023; and

    2. Whether Plaintiff stated a claim for promissory estoppel.

- E. *Relief sought:* Plaintiff seeks damages for: (1) present and future lost earnings and benefits; (2) emotional distress; (3) prejudgment interest; (4) punitive damages; and (5) attorneys' fees and costs.

- F. *General status:* The parties met and conferred on July 10, 2024 regarding the joint status report.

## II. Pending Motions

- A. Foley's partial motion to dismiss Count II (promissory estoppel) of Plaintiff's Amended Complaint.

    1. Plaintiff's response to Foley's motion to dismiss is due by July 30, 2024.

    2. Foley's reply to Plaintiff's response is due by August 13, 2024.

## III. Discovery Proposal

- A. *General type of discovery remaining:* The parties are at the beginning of the discovery phase. They anticipate making initial disclosures on or before August 2, 2024, followed by written discovery and depositions related to the claims and defenses in this action. The parties do not anticipate engaging in expert discovery at this time.[1]

- B. *Discovery timeline:*

    1. Initial Disclosures by August 2, 2024;

    2. Fact Discovery to be completed by February 10, 2025.

## IV. Summary Judgment

- A. Motions and opening briefs to be filed by March 12, 2025, or, if expert testimony is required for summary judgment, 45 days after the completion of expert depositions.

---

[1] The parties shall advise the Court at the close of fact discovery if this changes and any party requires expert discovery at that time.

B. Response briefs to be filed 28 days after opening briefs are filed.

C. Reply briefs to be filed 14 days after response briefs.

## V. Trial

A. The parties request a jury trial and anticipate that a trial will last 7-10 days.

## VI. Status of Settlement Discussions

A. Plaintiff submitted an initial demand to Foley on December 11, 2023, before any litigation.

B. The parties do not request a settlement conference at this time.

C. The parties are not interested in pursuing arbitration or mediation at this time.

## VII. Consent to Proceed Before the Magistrate Judge

A. The parties do not consent to proceed before the Magistrate Judge.

Dated July 24, 2024　　　　　　　　　　　　　　Respectfully and jointly submitted,

**PLAINTIFF JINAN CHEHADE**　　　　　　　**DEFENDANT FOLEY & LARDNER LLP**

By: /s/ *Paul K. Vickrey*　　　　　　　　　　　By: /s/ *Tracy M. Billows*

Paul K. Vickrey
vickrey@vvnlaw.com
Patrick F. Solon
solon@vvnlaw.com
Dylan M. Brown
dbrown@vvnlaw.com
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Drive, Suite 2470
Chicago, IL 60606
Tel. 312-236-0733

Rima Kapitan (Bar No. 6286541)
rima@kapitangomaa.com
KAPITAN GOMAA LAW, P.C.
P.C. Box 46503
Chicago, IL 60646
Tel. 312-566-9590

Tracy M. Billows (Bar No. 6274578)
tbillows@seyfarth.com
Gerald L. Pauling
gpauling@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Tel. 312-460-5000
Fax 312-460-7000

3

312574709v.3

Joseph Milburn
j-millburn@cair.com
CAIR CHICAGO
17 N. State Street, Suite 1500
Chicago, IL 60602
Tel. 314-239-6050

## CERTIFICATE OF SERVICE

I do hereby certify that on July 24, 2024, the foregoing **JOINT INITIAL STATUS REPORT** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                                      */s/ Tracy M. Billows*
                                                      Tracy M. Billows

312574709v.3