**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JINAN CHEHADE,<br><br>            Plaintiff,<br><br>   v.<br><br>FOLEY & LARDNER, LLP,<br><br>            Defendant. | Case No: 1:24-cv-04414<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Holleb Hotaling |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS**

Gerald L. Pauling (gpauling@seyfarth.com)
Tracy M. Billows (tbillows@seyfarth.com)
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Foley & Lardner LLP*

312933453v.2

**INTRODUCTION**

Plaintiff cannot save her promissory estoppel claim from dismissal. The cases she cites on the topic of ambiguity only further bolster Foley's arguments for dismissal because the promises at issue in those cases are distinguishably unambiguous when compared to the alleged promise in the instant action. In addition, Plaintiff's argument that Foley made a "separate promise" from its at-will employment policy is similarly ineffective because, unlike in the cases she cites, Plaintiff's contention that she accepted Foley's offer of employment because of "the unambiguous promise [] that Foley would not punish [Plaintiff]" is a claim that the DEI Director modified her at-will employment status. For these reasons, and those below and in the original Memorandum of Law, Foley's Motion to Dismiss Plaintiff's promissory estopped claim should be dismissed.

**ARGUMENT**

Plaintiff has pled no facts establishing that Foley made an unambiguous promise to her, and the promises at issue in the cases that Plaintiff cites stand in stark contrast to the alleged promise in this case and do not support her claim:

- In Chatham Surgicore, Ltd. v. Health Care Serv. Corp., 356 Ill. App. 3d 795, 803 (2005), the plaintiff alleged that the health insurance defendant (Blue Cross Blue Shield of Illinois) "repeatedly represented to [plaintiff] that [a particular list of patients] were covered for services rendered" by plaintiff, a provider of outpatient surgical facilities. The Court held that "Blue Cross' promises to pay were unambiguous because they were both definite and complete. We find that it can be reasonably inferred from Chatham's second amended complaint that when Blue Cross made its assurances, it knew who

1

would be providing the services, what services would be provided and who would be receiving those services." Chatham, 356 Ill. App. 3d at 803.

- In Dugas-Filippi v. JP Morgan Chase, N.A., 66 F. Supp. 3d 1079, 1083 (N.D. Ill. 2014), the plaintiff alleged that her supervisor "told her (1) she could take a six-month, paid leave, (2) she would have a job when she returned, but possibly a different job, and (3) she would not be fired for taking the paid leave." The Court held that "a reasonable jury could conclude that [the supervisor's] promise consisted of clear and definite terms that [plaintiff] could have reasonably believed constituted a contractual offer." Dugas-Filippi, 66 F. Supp. 3d at 1087.

- In Janda v. U.S. Cellular Corp., 2011 IL App (1st) 103552, ¶ 9, 961 N.E.2d 425, 429, the plaintiff alleged that he and other focus group participants "were told that everything said by them would be completely confidential and that they had no fear of retaliation for anything they said during the meeting."

In each of those cases, the underlying sanctioned action by the plaintiff was clear: (1) in Chatham, the healthcare provider could supply the specified services to the patients on the list and know that Blue Cross would pay. In Dugas-Filippi, the plaintiff could take a paid leave for six months and return to a job at the company. In Janda, the plaintiff could speak candidly during the meeting and know that others outside of the meeting would not learn what he said. In contrast, Plaintiff here alleges that "the unambiguous promise was that Foley would not punish [Plaintiff] for her heritage, beliefs and associations as an Arab Muslim…" Dkt. 22, p. 11. That is too unclear and indefinite to constitute an unambiguous promise for purposes of stating a claim for promissory estoppel and is nothing like the promises in the cases Plaintiff cites in opposition to Foley's Motion to Dismiss.

Unlike in the cases Plaintiff cites, the alleged promise in her case provides no insight into what Foley allegedly sanctioned. Instead, the alleged promise is "open to several interpretations" like the "indefinite assurances" identified in Irish v. Cont'l Cas. Co. where the Court held that "vague representations of autonomy, professional support, and mentorship cannot sustain a promissory estoppel claim." No. 20 CV 904, 2021 WL 4962665, at *2 (N.D. Ill. Apr. 8, 2021).

In Irish, the plaintiff alleged that the interviewer "told [plaintiff] that he 'would have autonomy over his cases within his $500,000[ ] settlement authority from start to finish, including traveling to attend mediations on the cases that were assigned to him.' [] [The interviewer] said that [the company] 'would support [plaintiff's] professional development, including allowing for [plaintiff] to attend outside legal conferences.' [] Finally, [the interviewer] said that [plaintiff] would be assigned a mentor who would help [plaintiff] transition to the job and learn [the company's] policies and procedures." Irish, 2021 WL 4962665, at *1. Like Plaintiff, the Irish plaintiff claimed that he accepted the job offer in reliance on those alleged promises. *Id.*

In concluding that the Irish plaintiff failed to state a claim for promissory estoppel and dismissing his claim, the Court held that the alleged promises were too indefinite and open to interpretation to constitute an unambiguous promise. Specifically, the Irish Court reasoned:

> [T]he term autonomy remains indefinite; it could mean complete autonomy, minimal oversight, or independence relative to similar jobs across the industry. The same goes for [the interviewer's] assurances of professional development and allowing [plaintiff] to travel to outside legal conferences. Professional development comes in many forms, including building skills, networking, learning from a mentor, or providing opportunities for advancement. And [the interviewer's] statement that [plaintiff] would be allowed to travel to conferences did not mean [the company] was required to allow [plaintiff] to attend every conference, or to attend the New Jersey conference within his first year of employment. Finally, [the company] assigned [plaintiff] a mentor to help with his transition. Although

3

> [plaintiff] claims that his mentor was rarely available, [the interviewer] did not make any promises about how much the mentor would help [plaintiff], or how accessible the mentor would be.

*Id.* at *2.

In her Amended Complaint, Plaintiff alleges that Foley promised that it "valued and supported [her] Arab Muslim heritage and perspective and embraced her history and values" and that "her heritage, beliefs and associations as an Arab Muslim known to be active in her community would not be held against her ('We embrace your heritage, history and values,' etc.)." Dkt. 11, ¶¶ 26, 67. All of the key terms ("valued," "supported," "embrace," "heritage," "perspective," "beliefs," "associations," "history," and "values") are open to interpretation and too indefinite to support a claim for promissory estoppel. Like the plaintiff in Irish, Plaintiff wants those terms to have a singular meaning – her meaning – but they do not. In the same way that telling someone that they will be allowed to travel to conferences does not mean they will be allowed to attend every conference, telling someone that you value and support their identities does not mean that they can make any public statements they wish that they wish without consequences. Plaintiff has not identified any unambiguous promise to serve as the basis for her promissory estoppel claim, and her claim must be dismissed.

Finally, Plaintiff's argument that Foley made a "separate promise" to her that was "in some ways broader" than the at-will policy does not hold water. Again, the cases that she cites in support of this argument, including Janda and Dugas-Filippi (discussed *supra*), are distinguishable and in fact, bolster Foley's arguments for dismissal. Janda claims he spoke candidly during the focus group in reliance on the company's promise of confidentiality. Dugas-Filippi claims she took a six month leave in reliance on the company's promise that she would have a job when she returned. In contrast, Plaintiff claims that she accepted Foley's offer of

4

employment because Foley made "the unambiguous promise [] that Foley would not punish [Plaintiff] for her heritage, beliefs and associations as an Arab Muslim…" Dkt. 22, p. 11. Plaintiff's claim that she relied on Foley's alleged promise to insulate her from "punish[ment]" when she accepted Foley's offer of employment is a claim that her employment was no longer at-will, but instead, that there were conditions around when and whether Foley could terminate her employment. In her Opposition, Plaintiff concedes that she was an at-will employee and that nothing that anyone at Foley said changed that.[1] Dkt. 22, p. 3. In light of that, Plaintiff's apparent purported reliance on the D&I Director's statements as somehow insulating her from consequences for actions that Foley interprets to violate its values are unreasonable. *See also* Dkt. 5, pp. 8-9.

Foley respectfully requests that this Court dismiss Count II of Plaintiff's Amended Complaint, with prejudice, for failure to state a claim upon which relief can be granted and grant such other and further relief as the Court deems just and proper.

[*Rest of Page Intentionally Left Blank*]

---

[1] Plaintiff seems to misunderstand the meaning of "at-will employment," as she contends in her Opposition that "[n]othing in Foley's offer states that Foley could rescind an accepted offer for any reason or no reason," but the cited offer letter states clearly: "This offer will be held open until **October 3, 2022**, and is an offer for employment at-will, which means that employment may be terminated with or without cause and with or without notice at any time at the discretion of either Foley & Lardner LLP or you." Dkt. 22-1, p. 3 (emphasis in original).

6

**DATED: August 12, 2024**  Respectfully submitted,

Foley & Lardner LLP

By: */s/ Tracy M. Billows*
       One of Its Attorneys

Gerald L. Pauling (gpauling@seyfarth.com)
Tracy M. Billows (tbillows@seyfarth.com)
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Foley & Lardner LLP*

312933453v.2

## **CERTIFICATE OF SERVICE**

I do hereby certify that on August 12, 2024, the foregoing **DEFENDANT'S REPLY OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

*/s/ Tracy M. Billows*
Tracy M. Billows

312933453v.2