UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINAN CHEHADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-04414 |
| v. ) | |
| ) | |
| FOLEY & LARDNER, LLP, ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jinan Chehade ("Plaintiff") filed her First Amended Complaint against Defendant Foley & Lardner, LLP ("Defendant") alleging discrimination on the basis of ethnicity, religion, and association under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act and asserting a claim for promissory estoppel. Before the Court is Defendant's partial motion to dismiss the promissory estoppel claim. For the following reasons, the Court grants Defendant's partial motion to dismiss without prejudice [14].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving Defendant's partial motion to dismiss.

Plaintiff is an Arab Muslim woman who graduated from Georgetown University Law Center in 2023. While in law school, Plaintiff worked at Defendant's Chicago law office as a summer associate during Summer 2022. On July 29, 2022, Defendant offered Plaintiff a position as a full-time associate attorney, starting in Fall 2023, after Plaintiff's law school graduation.

When applying for summer associate positions, Plaintiff alleges that a law firm's commitment to diversity and retaining diverse associates was important to her as an Arab Muslim woman. Because

1

Plaintiff saw no references to either "Muslim" or "Arab" in Defendant's recruiting materials and learned that Defendant had no specific affinity group for Muslim or Arab attorneys, Plaintiff decided to discuss her concerns with Alexis Robertson, Defendant's Director of Diversity and Inclusion. In July 2022, Plaintiff spoke with Robertson to ensure that Defendant would support her "authentic self." Plaintiff alleges that Robertson promised her that Defendant "valued and supported [her] Arab Muslim heritage and perspective and embraced her history and values." Plaintiff alleges that Robertson's assurances were critical to her decision to accept the full-time employment offer and not pursue other job opportunities.

Plaintiff was scheduled to start her job on October 23, 2023. In the weeks leading up to the scheduled start date, Plaintiff, a long-time supporter of Palestinian human rights, spoke out about Israel's bombing of the civilians of Gaza following the Hamas attack against Israel on her personal social media accounts and at an October 11, 2023 meeting at the City of Chicago's City Hall.

Plaintiff alleges that, prior to her scheduled start date, Defendant began investigating her background and found her social media posts speaking out in support of Gaza. Plaintiff alleges that Defendant's management personnel, including Robertson, then created a plan to rescind Plaintiff's employment offer. On October 21, 2023, Lisa Noller, a partner and chair of Defendant's litigation group, asked Plaintiff to attend a meeting the following day at Defendant's Chicago office to discuss Plaintiff's social media presence. Plaintiff reached out to Robertson for guidance and support, but Robertson never responded.

On October 22, 2023, Plaintiff attended the meeting with Noller and Frank Pasquesi, the managing partner of Defendant's Chicago office. During the meeting, Plaintiff alleges that she was interrogated in a hostile manner about her student activism, community associations, remarks at the October 11, 2023 City Hall meeting, and social media posts about Hamas's attack and Israel's response. Plaintiff alleges that she was also interrogated about her previous leadership role in Law

Students for Justice in Palestine ("SJP"), a Georgetown University Law Center student organization, and SJP's recent posts about the conflict, despite Plaintiff's contention that she was no longer involved in SJP after graduation. Following the meeting, and later that same day, Defendant revoked Plaintiff's employment offer.

Thereafter, Plaintiff filed a lawsuit against Defendant on May 29, 2024, alleging discrimination on the basis of ethnicity, religion, and association and asserting a claim for promissory estoppel.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's promissory estoppel claim for failure to state a claim. Under Illinois law, to state a claim for promissory estoppel, a plaintiff must allege that (1) defendant made an unambiguous promise to plaintiff; (2) plaintiff relied on the promise; (3) plaintiff's reliance on the promise was expected and foreseeable; and (4) plaintiff relied on the promise to her detriment. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 566 (7th Cir. 2012).

To satisfy the first element of a promissory estoppel claim, the promise need not be expressed, only unambiguous. *See Advanced Ambulatory Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.,* 261 F.Supp.3d 889, 896 (N.D. Ill. 2017) (Leinenweber, J.). An unambiguous promise typically involves a declaration that one will do or refrain from doing something specific. *See Hart v. Amazon.com, Inc.,* 191 F.Supp.3d 809, 824 (N.D. Ill. 2016) (Castillo, J.). For there to be common understanding of the unambiguous promise among the parties, the intention of the parties must be communicated in some way through acts or conduct. *Jackson Nat. Life Ins. Co. v. Gofen & Glossberg, Inc.,* No. 93-cv-01539, 1993 WL 2666548, at *3 (N.D. Ill. 1993) (Aspen, J.). An oral promise may form the basis for a promissory estoppel claim. *See Trossman v. Philipsborn,* 373 Ill.App.3d 1020, 1055, 869 N.E.2d 1147, 1176 (1st Dist. 2007).

Defendant contends that such statements were too ambiguous to support a promissory estoppel claim. Defendant also points out that Plaintiff never alleges that Robertson told Plaintiff that she would be protected from consequences if she made statements that Defendant interpreted to be inconsistent with and violative of its values. Defendant further notes that Plaintiff makes no showing that Robertson's statements superseded the language of Plaintiff's at-will employment contract, which she signed twice.[1] Plaintiff argues that Robertson's statements were an unambiguous promise that Plaintiff would not be punished for actions that she took as an Arab Muslim woman in support of her beliefs.

---

[1] Defendant attaches two screenshots of Plaintiff's signature on the at-will employment contract to the motion to dismiss. As correctly noted by Plaintiff, a defendant may attach documents to the motion to dismiss which are "referred to" in the First Amended Complaint. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993). While Plaintiff "disputes [Defendant's] characterization [of the at-will employment contract]," she does not object to this Court's consideration of these documents, in addition to the exhibits she attaches to her opposition brief, which are further discussed below. Because Defendant makes no argument as to whether the Court should consider the exhibits attached to Plaintiff's opposition brief, this Court will consider all exhibits as incorporated by reference.

The salient question here is whether Robertson's statements that Defendant valued and supported Plaintiff's Arab Muslim heritage and perspective and embraced her history and values constituted an unambiguous promise that Plaintiff's employment offer would not be rescinded for her activism and advocacy efforts that she viewed as supportive of her Arab Muslim heritage. The Court holds that it does not.

Plaintiff offers no evidence to support a finding that Defendant's promise of support was an unambiguous promise to not penalize Plaintiff for any actions she took as long as she believed they were in support of her Arab Muslim heritage. To conclude otherwise would mean that Plaintiff would have a "get out of jail free card" for any action that she took, even if it violated Defendant's values and policies, due to her status as an Arab Muslim woman.

Plaintiff further alleges that Robertson knew Plaintiff was active in the Arab Muslim community, and thus Robertson's statements meant that Defendant would support Plaintiff's activism. To support her argument, Plaintiff attaches her resume and an essay she authored as exhibits to her response brief to show that Defendant was aware of her involvement with SJP and her experience as an Arab Muslim woman. But neither Plaintiff's alleged facts nor the exhibits reasonably impute knowledge of Plaintiff's activism to Robertson, much less Defendant. Nor does Plaintiff allege that she had conversations with Robertson about such activism.

The case Plaintiff cites is also unpersuasive. In *Dugas-Filippi v. JP Morgan Chase, N.A.*, 66 F.Supp.3d 1079, 1091 (N.D. Ill. 2014) (Lee, J.), the court found that an employer's oral promise that plaintiff would not be fired if she took six-month paid discretionary leave was sufficiently clear and definite to support a promissory estoppel claim where plaintiff was fired for taking the six-month discretionary leave despite the employer's at-will policy.

Here, Robertson's statements made no promise that Plaintiff's employment would *not* be rescinded. Instead, the statements only concerned support for Plaintiff as an Arab Muslim woman.

There was no implicit promise that Plaintiff had total job protection no matter what she did or said so long as she believed those actions were related to her ethnicity, religion, or association.

Plaintiff essentially asks the Court to conclude that the parties understood that the promise of support implied a promise of job security regardless of Plaintiff's actions. However, the facts do not support the existence of a common understanding among the parties that would transform Robertson's statements of support into a promise to not rescind Plaintiff's employment offer. *See Advanced Ambulatory Surgical Ctr., Inc.,* 261 F.Supp.3d at 896 (finding that there was no common understanding between the parties that would transform a verification of patient's benefits into a promise to pay for services). The Court finds that there was no unambiguous promise and no common understanding among the parties to support a promissory estoppel claim.[2]

**CONCLUSION**

For these reasons, the Court grants Defendant's partial motion to dismiss without prejudice [14]. Plaintiff is granted leave to amend her complaint within 21 days if she has a good faith basis for believing she can cure the pleading deficiencies identified in this opinion. If Plaintiff does not file her amended complaint within 21 days from the date of this Order, Plaintiff's promissory estoppel claim will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 12/3/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[2] While the parties discuss the nature of Plaintiff's at-will employment contract throughout their briefs, as this Court concludes that there was no unambiguous promise, it follows that the Court need not address whether Robertson's statements superseded the nature of Plaintiff's at-will employment.