UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINAN CHEHADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24-cv-4414 |
| v. | ) |
| | ) District Judge Sharon Johnson Coleman |
| FOLEY & LARDNER, LLP, | ) Magistrate Judge Keri L. Holleb Hotaling |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Compel Production of Comparator Information (the "Motion") [Dkt. 40]. For the reasons articulated below, Plaintiff's Motion is **DENIED**.

It is well established that discovery must be both relevant and proportional to the needs of a case. Fed. R. Civ. P. 26. Plaintiff's request for production that is the subject of this Motion does not meet this standard. After the parties met and conferred regarding Plaintiff's initial document request which sought CVs, resumes, and job applications of current Foley attorneys reflecting current or prior membership in a long list of organizations related to Judaism and Israel [*see* Dkt. 40 at 2 for complete list], Plaintiff revised her request and sought the following: "Any C.V., resume, or conflict of interest statement submitted by individuals hired to associate attorney positions at Foley's United States offices from January 1, 2000 to the present." In her Motion, Plaintiff claimed to "unilaterally narrow" the request by *adding* the following language "*as well as* the most recent C.V., resume or conflict of interest statement for the following individuals….[34 named individuals]." [Dkt 40 at 3 (emphasis added).] It is not clear to the Court whether these 34 individuals are associate attorneys hired by Defendant outside the time range or are partners who have been with the firm for decades. Regardless, the request was not narrowed by Plaintiff but instead grew broader after the meet and confer and even broader still in the Motion.

The Court finds numerous issues with this request for alleged "comparator information."

First, Plaintiff bears the initial burden of establishing that the discovery sought is relevant to her claims at issue in this case. *O'Connor v. Ford Motor Co.*, No. 19-cv-5045, 2023 WL 8679847, at *1 (N.D. Ill. June 1, 2023) (citations omitted). While it is contested whether Plaintiff's organizational association with SJP was a factor in Defendant's decision to terminate her, that does not mean Plaintiff is entitled to know every affiliation listed on every resume and conflict disclosure form of the approximately 500 associates hired by Foley nationally since 2020 and the additional 34 attorneys. This information is not relevant to the inquiry into the particularized circumstances surrounding the decision at issue here – to rescind Plaintiff's offer of employment as an associate in October 2023. The information sought by Plaintiff is akin to a fishing expedition rather than to obtain true comparator information. *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 368-69 (7th Cir. 2019) ("although similarly situated employees need not be identical in every conceivable way, they must be directly comparable to the plaintiff in all material respects.") (signals and citations omitted).

Moreover, the Court also finds Plaintiff's request is disproportionate to the needs of the case, is overly broad, and unduly burdensome. This is a single-plaintiff employment action, and this single document request seeks personnel documents for 533 non-party attorneys. The Defendant has 23 offices across the United States and maintains personnel records in a mix of hardcopy and electronic files. [Dkt. 48 at 10.] It is clear that to respond to this one request would require multiple employees to spend dozens of hours searching for and retrieving the documentation sought for all associate attorneys hired since January 1, 2020 and the additional 34 attorneys, some of which have been with the Defendant for decades. [*Id.* at 11.] This is simply not proportional to the needs of this case.

For these reasons, Plaintiff's motion is denied in its entirety. Although fact discovery in

this matter closes 2/24/2025 [Dkt. 52], there is one other pending motion to compel outstanding in this case [*see* Dkt. 53], which will be fully briefed by 3/3/2025. The Court expects to rule on that motion in short order thereafter. The 2/25/2025 joint status report date is stricken and will be reset when the Court rules on Dkt. 53.

**ENTERED: February 24, 2025**                          _____
                                                                      Hon. Keri L. Holleb Hotaling,
                                                                      United States Magistrate Judge