**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JINAN CHEHADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24-cv-4414 |
| v. | ) |
| | ) District Judge Sharon Johnson Coleman |
| FOLEY & LARDNER, LLP, | ) Magistrate Judge Keri L. Holleb Hotaling |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Compel the Production of Three Documents (the "Motion") [Dkt. 53]. For the reasons articulated below, Plaintiff's Motion is **DENIED IN PART AND GRANTED IN PART**.

Plaintiff seeks the production of three sets of documents withheld from Defendant's production based on either the attorney-client privilege and/or the work product doctrine. The documents include the following: (1) six pages of Chief Talent Officer Jennifer Patton's 20-page handwritten notes; (2) two pages of a three-page "Draft Talking Points" document; and (3) a 13-page compilation of information about Plaintiff. The documents were all provided to the Court for *in camera* review, which the Court has completed.

The attorney-client privilege protects from discovery confidential communications between client and attorney that were made to obtain legal assistance. *BankDirect Capital Finance, LLC v. Capital Premium Finance, Inc.*, 326 F.R.D. 176, 180 (N.D. Ill. 2018) (citations omitted). The burden of proof is on the party claiming privilege. *Shaffer v. AMA*, 662 F.3d 439, 446 (7th Cir. 2011). Communications from the attorney to the client are privileged if they constitute legal advice or would reveal the substance of a client confidence – directly or indirectly. *BankDirect*, 326 F.R.D. at 180; *see also Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397 (7th Cir.

2018). "The question is always whether the 'primary' or 'predominant purpose' of the communication is to render or solicit legal advice." *BankDirect*, 326 F.R.D. at 181; *see also Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F.Supp.3d 889, 893 (N.D. Ill. 2018).

The work product doctrine was designed "to protect the work of an attorney from encroachment by opposing counsel." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 23-cv-1770, 2017 WL 3838689, *3 (S.D. Ind. Sept. 1, 2017). Under the work product doctrine, a party may protect "documents and tangible things that are prepared in anticipation of litigation or for trial by or for [that] party or its representative (including [that] party's attorney, consultant, surety, indemnitor, insurer, or agent)" from discovery by another party. Fed. R. Civ. P. 26(b)(3)(A). To assert a claim under the work product doctrine, a party must demonstrate that the document to be protected was created or obtained primarily "because of the prospect of litigation," and was not merely developed in the ordinary course of business. *Binks Mgfg. Co. v. Nat. Presto Indust., Inc.*, 709 F.2d 1109, 1118-20 (7th Cir. 1983). The compilation of documents is also protected by the work product doctrine. *Eli Lily*, 2017 WL 3838689 at *4, *see also*, *Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 565 (S.D. Ind. 2007) ("[T]his Court recognizes that, under certain circumstances, producing documents assembled by counsel could provide a window into counsel's mental processes.").

The crux of the issue is whether the documents sought to be compelled were prepared at the direction of and with input from Defendant Foley & Lardner's inside counsel, Phil Phillips, in his role as labor/employment firm counsel in advising the Defendant on employment issues concerning the Plaintiff in October 2023. The Court now turns its attention to its analysis of the documents at issue.

First, the six pages of handwritten notes from Ms. Patton reference Mr. Phillips on their face and clearly memorialize legal advice that had been sought by Defendant and provided by Mr.

Phillips. Those notes contain attorney-client communications and were properly withheld. Plaintiff's motion is denied as to these documents; the Court will not compel them.

Second, the "Draft Talking Points" were typed by Ms. Patton "at the advice of – and with input from – Mr. Phillips." [Dkt. 56 at 8]. The Court finds that pages two and three of the "Draft Talking Points" again memorialize legal advice that was sought and provided by Mr. Phillips to the Defendant. Ms. Noller, a Foley & Lardner partner and chair of the firm's national Litigation Department, testified she used the first page of the "Draft Talking Points" in her meeting with Plaintiff and took notes on it. This first page is a factual record of what transpired during the meeting, and it was appropriately produced. [*Id.* at 8-9]. The fact Defendant produced the first page of the Draft Talking Points, and not the remaining two pages does not mean that those pages must be produced. Pages two and three of the "Draft Talking Points" are of a completely different nature and subject matter than page one. Accordingly, the Court does not find *Nye v. Sage Prods., Inc.*, 98 F.R.D. 452, 453 (N.D. Ill. 1982) applicable. In addition to being covered by the attorney-client privilege the work product doctrine also is applicable to pages two and three of the "Draft Talking Points" and the Court finds these were also properly withheld. Plaintiff's motion is denied as to these documents; the Court will not compel them.

Finally, the third category of documents sought, the compilation of information regarding Plaintiff, was put together by Ms. Patton at the request of Mr. Phillips to "enable him to get up to speed on the information about Plaintiff" [Dkt. 56 at 9]. This document is of a different nature. It is a compilation of factual documents (including public social media posts and Plaintiff's resume) known at the time to Ms. Patton which she pulled together. Ms. Patton also included her own written commentary on those documents before providing them to Mr. Phillips. Importantly, Mr. Phillips did not himself compile the information contained in the compilation and, as such, it cannot provide a window into counsel's processes. *Sandra T.E. v. S. Berwyn Sch. Dist.* 100, 600

3

F.3d 612, 618 (7th Cir. 2010). Instead, the compilation of information is just that, information intended to get Mr. Phillips "up to speed," so that he might provide legal advice to the firm. It was not compiled in preparation of litigation and the work product doctrine does not apply. However, the Court does find that Ms. Patton's written commentary to Mr. Phillips about the factual information is privileged attorney-client communication and should properly be redacted from production of the compilation of information regarding the Plaintiff. Thus, the Court grants Plaintiff's motion as to this third document to the extent that Defendant must produce to Plaintiff all portions of the document apart from Ms. Patton's comments.

For these reasons, Plaintiff's motion is **DENIED IN PART AND GRANTED IN PART**. Defendant shall produce the redacted compilation of information about Plaintiff by March 17, 2025. The Court hereby schedules a telephonic status hearing for March 19, 2025, at 10:00 a.m. to (1) confirm all discovery is complete and (2) to determine whether the parties are interested in a settlement conference. The call in information is 855-244-8681, and the participant access code is 2315 0911 461#.

**ENTERED: March 11, 2025**

                                      Hon. Keri L. Holleb Hotaling,
                                      United States Magistrate Judge