**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jinan Chehade,<br><br>Plaintiff,<br>v.<br><br>Foley & Lardner, LLP,<br><br>Defendant. | Case No. 1:24-cv-04414<br><br>Judge Sharon Johnson Coleman<br>Magistrate Judge Keri L. Holleb Hotaling |

**PLAINTIFF'S MOTION TO ADDRESS**
**THE TEMPORARY SEALING OF DOC. NO. 69**

Plaintiff, Jinan Chehade, now moves pursuant to LR 26.2, for relief relating to the temporary sealing of her Rule 56.1 Statement (Doc. No. 69). In support of this motion, Plaintiff states:

1. A Confidentiality Order has been entered in this case (Doc. No. 27)

2. Defendant has designated as confidential certain pages of deposition transcripts attached as exhibits to Plaintiff's Rule 56.1 Statement of Additional Facts:

   a. P. Ex. 2 – Alexis Robertson Deposition: pp. 75, 80-84. (Doc. No. 69-3).

   b. P. Ex. 3 – Linda Benfield Deposition: pp. 14-31, 44-45, 47-51. (Doc. No. 69-4).

   c. P. Ex. 5 – Daljit Doogal Deposition: pp. 59-62, 68-72, 85-88. (Doc. No. 69-6).

   d. P. Ex. 7 – Jennifer Patton Deposition: pp. 161-162, 165, 175-177. (Doc. No. 69-8).

   e. P. Ex. 9 – Lisa Noller Deposition: pp. 4, 7, 22, 119-120. (Doc. No. 69-10).

f. P. Ex. 11 – Frank Pasquesi Deposition: p. 4. (Doc. No. 69-12).

g. P. Ex. 12 – Shabbi Khan Deposition: pp. 21, 25-30, 32, 37-38, 45. (Doc. No. 69-13).

3. For that reason, Plaintiff requested the Clerk to temporarily seal the filing (Doc. No. 69).

4. Plaintiff respectfully disagrees that any of the materials meet the standard for filing under seal. See *Baxter Int'l Inc. v. Abbot Labs.*, 297 F.3d 544, 548 (7th Cir. 2002) (To show good cause to file a document under seal, the requesting party must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations.").

5. Defendant has not articulated a position as to why any of the materials should be sealed. The only conceivable category in the Confidentiality Order (Doc. No. 27) which could be relevant is Para. 2 (g): "personnel or employment records." However, the testimony does not address "personnel or employment records." Indeed, the only "personnel or employment records" produced by Defendant in this case are Plaintiff's.

6. Given Defendant's position, however, Plaintiff files this motion for an Order (1) removing Defendant's Confidentiality designations to allow Plaintiff to request the Clerk to release the temporary sealing of Doc. No. 69, or (2) requiring Defendant to state why materials identified above should be sealed and the basis therefore under the Seventh Circuit standard articulated in *Baxter, supra.* Should this Court find that Defendant's designations are appropriate, Plaintiff requests an order allowing Plaintiff to (1) file such pages under seal, and (2) redact the name identified in her Statement of Additional Facts ¶36.

Dated: May 9, 2025

Respectfully submitted,

*/s/Paul K. Vickrey*
Paul K. Vickrey
Patrick F. Solon
Dylan M. Brown
Vitale, Vickrey, Niro, Solon & Gasey
311 S. Wacker Drive, Suite 2470
Chicago, IL 60606
Phone: (312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

Rima Kapitan (rima@kapitangomaa.com)
Atty No. 6286541
Kapitan Gomaa Law, P.C.
P.O. Box 46503
Chicago, Illinois 60646
(312)566-9590

***Attorneys for Plaintiff***