IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jinan Chehade,<br><br>　　　　Plaintiff,<br>v.<br><br>Foley & Lardner, LLP,<br><br>　　　　Defendant. | Case No. 1:24-cv-04414<br><br>Judge Sharon Johnson Coleman<br>Magistrate Judge Keri L. Holleb Hotaling |

**PLAINTIFF'S SURREPLY IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

　　　　Plaintiff, Jinan Chehade, now addresses Defendant's contention that Foley Chief Talent Officer Jen Patton's notes (Dkt. 75-30) and Foley Partner Shabbi Khan's statements (Dkt. 75-11, Chehade Declaration ¶5) are inadmissible hearsay. Briefly stated, at a minimum, the evidence is admissible under Federal Rule of Evidence 801(d)(2)(D).

**1. Legal Standard**

　　　　Statements are not hearsay when they were offered against an opposing party and "made by a party's agent or employee within the scope of that relationship and while it existed." *Simple v. Walgreen Co.*, 511 F.3d 668, 670-72 (7th Cir. 2007); F. R. Ev. 801(d)(2)(D). Employees of a party act within the scope of that relationship within the meaning of Rule 801(d)(2)(D) when they particiate in the employment decision at issue. *Simple*, 511 F.3d at 672 (holding that a declarant's statement was admissible under the Rule, because the declarant was "involved in the process that led up to [the hiring decision], by being consulted about the appointment."); *Nekolny v. Painter*, 653 F.2d 1164, 1171-72 (7th Cir. 1981) (finding admissions where declarant was an "advisor" to the decision-maker); *Aliotta v. Nat'l R.R. Passenger Corp.,* 315 F.3d 756, 761 (7th Cir. 2003) ("Rule 801(d)(2)(D) admissions can be made 'concerning [*any*] matter within the scope of the…

employment.'") (brackets and emphasis in original); *Yates v. Rexton, Inc.,* 267 F.3d 793, 802 (8th Cir. 2001) (recognizing that "it is not necessary that [the declarants] be the actual decision-makers" so long as they were involved in "a process leading to a challenged decision"). In *Stephens v. Erickson,* 569 F.3d 779, 793 (7th Cir. 2009), on which Foley relies, the Seventh Circuit pointed out: "Velasquez's assigned duties as an administrative assistant did not involve any component of Fleet's promotional or hiring process, nor did Velasquez possess authority to supervise, manage, review, promote, hire, fire, or recommend any employment action regarding any of the candidates."

2. **The Notes of Chief Talent Officer Jen Patton are Not Hearsay**

Defendant argues that the notes (Dkt. 75-30) Jen Patton took during a meeting about Ms. Chehade's employment are hearsay because "no evidence has been offered to qualify them for an exception to hearsay." (Dkt. 76, Def's MSJ Reply at p. 7). In fact, the evidence cited in the parties' Rule 56.1 statements make clear that Ms. Patton's notes are not hearsay, because she and the individuals whose comments she recorded in her notes were speaking as agents of Defendant.

In 2023, Ms. Patton was Foley's Chief Talent Officer (she is now Chief Operations Officer) to whom the Director of Recruiting reported. (Doc. 69, Foley Rule 56.1 SOF ¶33). She initially recommended that no action be taken against Plaintiff. (*Id.* at RSOF ¶34). As Chief Talent Officer, Patton "oversaw a team of approximately 60 business professionals across a range of functions from legal recruiting to professional development; diversity, equity and inclusion; Human Resources; attorney counseling; and compensation and benefits." (Exhibit A, Patton Dep. at 150).

As Defendant admits in its interrogatory answers, Ms. Patton was deeply involved in the discussions with CEO Doogal and Managing Partner Jaspan about Plaintiff's statements and whether her offer should be rescinded. (Doc. 69 at SAF ¶¶9, 11, 12; Doc. 69-34 at p. 4). Patton also created the "Talking Points" used to interrogate Plaintiff (*Id.* at SAF ¶18). And she was a

participant in the debriefing meeting during which Foley Partners Pasquesi (Managing Partner of the Chicago Office), and Noller (Head of Foley's Litigation Department) related Plaintiff's answers to their questions. Patton's notes of what Noller and Pasquesi said about Plaintiff are the subject of Defendant's claim of inadmissible hearsay.

Given Patton's title, responsibilities, and her position as a member of Foley's firm-wide leadership team who decided Plaintiff's fate, Patton's handwritten notes are not hearsay under FRE 801(d)(2)(D). Again, Patton's notes are of Pasquesi and Noller's report of their questioning of Plaintiff -- which questioning Foley asked them to conduct -- during the debriefing meeting in which Patton was an authorized participant. Noller and Pasquesi were also participants in the decision-making process, as Defendant admits, so their statements are not hearsay. *See* Doc. 69-34 at p. 3 (asserting that Ms. Noller and Mr. Pasquesi were among the individuals involved in the decision to revoke the employment offer to Plaintiff).

### 3. Statements of Partner Shabbi Khan are Not Hearsay

Shabbi Khan is not simply a Foley partner, he was one of the few non-leadership partners consulted about Plaintiff's fate (Doc. 69 at SOF ¶42). In Doogal's firm-wide email about the revocation, Doogal specifically called out that consultation and suggested that there had been a consensus on the decision. (*Id.* at SAF ¶30). Under these circumstances, Khan's statements to Plaintiff (Dkt. 75-11, ¶5) are not hearsay under FRE 801(d)(2)(C) and (D); at a minimum, they clarify Doogal's arguable misrepresentation about Khan's views about the decision. The fact that Khan's statements were made after the revocation is irrelevant, since he was still a Foley partner at the time. See *Weil v. Citizens Telecom Servs. Co.,* 922 F.3d 993, 1000 (9th Cir. 2019) ("the Rule requires (as it always has) only that the statement be made 'during the existence of the [employment] relationship.'" (bracketed word in original)).

- 4 -

Dated: June 13, 2025

                                                        Respectfully submitted,

                                                        */s/Paul K. Vickrey*

| | |
|---|---|
| Rima Kapitan (rima@kapitangomaa.com) | Paul K. Vickrey |
| Atty No. 6286541 | Patrick F. Solon |
| Kapitan Gomaa Law, P.C. | Dylan M. Brown |
| P.O. Box 46503 | Vitale, Vickrey, Niro, Solon & Gasey |
| Chicago, Illinois 60646 | 311 S. Wacker Drive, Suite 2470 |
| (312)566-9590 | Chicago, IL 60606 |
| | Phone: (312) 236-0733 |
| ***Attorneys for Plaintiff*** | vickrey@vvnlaw.com |
| | solon@vvnlaw.com |
| | dbrown@vvnlaw.com |